UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 15-0259<br>CIVIL ACTION NO. 18-0492 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JOSEPH D. PRONNETTE, JR. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Record Document 50) filed by Petitioner Joseph D. Pronnette, Jr. ("Pronnette"). For the reasons set forth below, Pronnette's motion is **DENIED.**

## BACKGROUND

On April 20, 2016, Pronnette pled guilty to violations of 18 U.S.C. §§ 992(g)(1) and 924 (a)(2) as a felon in possession of a firearm and ammunition. See Record Document 25. At sentencing, he objected to the PSR's conclusion that his prior conviction for domestic abuse aggravated assault ("DAAA") was a crime of violence, and the Government moved for an upward departure or upward variance based in part on this prior conviction. See Record Document 33. Counsel for Pronnette argued that his base offense level should be 14, and his total offense level should be 12. See Record Document 44. Based on the § 3553(a) factors, the Court granted the Government's motion for an upward variance and sentenced Pronnette to the statutory maximum of 120 months imprisonment. See id. at 58. Pronnette filed a timely notice of appeal. See Record Document 42.

In affirming Pronnette's sentence, the Court of Appeals held that the district court properly considered both the guidelines range produced by Pronnette's computations and the guidelines range produced by its own computations, prior to concluding that neither range was sufficient. See Record Document 48. Because the sentence did not result from any miscalculation, they reasoned, any error was harmless. See id. On April 10, 2018, Pronnette filed the instant § 2255 motion. See Record Document 50. The Government responded on June 20, 2018. See Record Document 58.

Pronnette seeks to vacate the imposed sentence of 120 months and remand for resentencing on three grounds: (1) DAAA is not a "crime of violence" within the meaning of U.S.S.G. § 4B1.2(a)(1), (2) the district court's upward departure was substantively unreasonable, and (3) his trial and appellate counsel were ineffective. See Record Document 50.

## STANDARD OF REVIEW

After accepting a plea of guilty and exhaustion of a defendant's right to appeal, the court is "entitled to presume that the defendant stands fairly and finally convicted." U.S. v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991) (citing U.S. v. Frady, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592 (1982)). Consequently, relief under § 2255 is quite limited, reaching only instances where (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence exceeds the statutory maximum, or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255. Stated differently, § 2255 affords relief only to issues of constitutional or jurisdictional magnitude—those that "could not have been

raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

## LAW AND ANALYSIS

### A. DAAA as a Crime of Violence

Pronnette first argues this Court erred in finding his DAAA conviction to be a "crime of violence" within the meaning of U.S.S.G. § 4B1.2(a)(1). See Record Document 50. He contests that a "crime of violence" must have an element of "the use, attempted use, or threatened use of physical force against the person of another," and DAAA lacks such an element. Id. Pronnette raised this precise issue on direct appeal, but the Fifth Circuit did not specifically resolve it, finding the Court's application of the Guidelines to be harmless. See Record Document 48 at 2.

Nevertheless, relief under § 2255 is not available to all who suffer errors at trial; rather, it is "reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal, and, would, if condoned result in a complete miscarriage of justice." U.S. v. Capua, 656 F.2d 1033, 1037 (5th Cir. 1981). A district court's technical application of the Federal Sentencing Guidelines does not give rise to a constitutional issue. See U.S. v. Featherson, 37 F.3d 631, 631 (5th Cir. 1994) (holding petitioner's § 2255 challenge to district court's application of U.S.S.G. § 1B1.3 non-cognizable); Vaughn, 955 F.2d at 368. Similarly, Pronnette's challenge to this Court's application of § 4B1.2(a)(1) is not cognizable under § 2255.

### B. Upward Variance or Departure

Pronnette next argues the Court failed to consider the extent of and justification for an upward variance,[1] and thus erred in granting the Government's motion for such. See Record Document 50. He did not raise this issue on direct appeal and alleges his counsel was ineffective in failing to do so. See id.

Due to the lack of appeal on this issue, this argument also constitutes a collateral challenge, which requires a showing of both cause for the procedural default and actual prejudice caused by the error. See Shaid, 937 F.2d at 232. Pronnette makes no such showing, and thus § 2255 is an inappropriate vehicle for this claim as well.

### C. Ineffective Assistance of Counsel

Pronnette's final argument alleges his trial and appellate counsel were ineffective in violation of the Sixth Amendment. See Record Document 50. His three stated instances of ineffectiveness pertain to his counsel's failure (1) to object to an upward departure or variance; (2) to raise the specific element argument of the DAAA conviction; and (3) to attempt to demonstrate that but for the procedural error, Pronnette would have received a lesser sentence. See id.

In order to prevail on a claim of ineffective assistance of counsel, the petitioner must show his counsel's performance was deficient, and the deficiency resulted in prejudice to the defendant. See Strickland v. Washington, 466 U.S. 668, 688, 104 S. Ct.

---

[1] At Pronnette's sentencing hearing, the proper characterization of the Court's imposition as an upward departure or upward variance was discussed. See Record Document 44. In finding any possible error harmless, the Fifth Circuit did not resolve this debate. See Record Document 48. The Court, similarly, need not resolve the issue of characterization for the purposes of the instant Motion.

2052, 2065 (1984). The proper standard for attorney performance is that of "reasonably effective assistance," and reasonableness is measured according to "prevailing professional norms." Id. at 687-88. Among other responsibilities, this standard demands that counsel "research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." U.S. v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004) (citing U.S. v. Conley, 349 F.3d 837, 839 (5th Cir. 2003)). In order to prove prejudice, the petitioner must show there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different. See id. at 695. When asserting errors concerning sentencing, the petitioner must show that he would have received less time in prison had it not been for his counsel's errors. See U.S. v. Franks, 230 F.3d 811, 815 (5th Cir. 2000).

Pronnette's ineffective assistance of counsel argument fails both prongs of Strickland analysis. At the sentencing hearing, Pronnette's counsel argued the DAAA conviction did not qualify as a "crime of violence" under the relevant Guidelines provision and objected to the Court's granting of an upward variance. See Record Document 44, pgs. 3-12; Record Document 60. Counsel filed a timely appeal and reiterated the DAAA element argument to the Fifth Circuit. See Record Document 48. There is nothing present to suggest that counsel for Pronnette did not render sufficient performance in representing her client at both the trial and appellate levels.

Although Pronnette's failure under the performance prong is dispositive of his ineffective assistance of counsel claim, he additionally cannot demonstrate actual prejudice stemming from any of the deficiencies he alleges. As previously stated, the Fifth Circuit Court of Appeals held it unnecessary to resolve the issue of whether Pronnette's

guideline range was miscalculated because this Court had properly considered both Pronnette's range and the PSR's range in reaching its sentencing decision. See Record Document 48. Therefore, they concluded, any possible error committed with respect to the Sentencing Guidelines was harmless. See id. It follows that even if the alleged shortcomings of Pronnette's counsel were supported, he cannot demonstrate the ultimate outcome of his sentencing would have differed. Consequently, Pronnette's ineffective assistance of counsel claim must be rejected.

## CONCLUSION

For the stated reasons, Pronnette's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Record Document 50) is hereby **DENIED**.

Pursuant to Rule 11(a) of the Rules Governing 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts. Unless a certificate of appealability issues, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED,** at Shreveport, Louisiana, this 8th day of December, 2020.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT